Stuart Price, Esq. (SBN:150439)
Price Law Group, APC
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
Tel: 818-205-2466
stuart@pricelawgroup.com
*Attorney for Plaintiff,*
*Judy Shepard-Hall*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY SHEPARD-HALL,<br><br>            Plaintiff,<br><br>vs.<br><br>GORDON AND WONG LAW GROUP PC; and DOES 1 to 10, inclusive,<br><br>            Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATON OF:**<br><br>1. THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692 et. seq.]<br><br>(Unlawful Debt Collection Practices)<br><br>Demand Does Not Exceed $10,000 |

## **COMPLAINT FOR DAMAGES**

    Plaintiff, Judy Shepard-Hall ("Plaintiff"), through her attorneys, alleges the following against Defendant, Gordon and Wong Law Group PC ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's complaint is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq., which prohibits debt collectors from

- 1 -
COMPLAINT FOR DAMAGES

engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. 1331.

3. Defendant conducts business in the State of California, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Benicia, Solano County, California.

6. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person.  Thus, Plaintiffs are a "consumer" as defined by the FDCPA 15 U.S.C. §1692a(3).

7. Defendant is located in San Francisco, San Mateo County, California and regularly transacts business throughout California.

8. In the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties. Thus,

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiffs.

10. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment and is a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

12. Plaintiff will seek leave to amend this Complaint to add Defendants as soon as it reasonably learns of them.

## FACTUAL ALLEGATIONS

13. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

14. Upon information and belief, Defendant is collecting on this consumer account on behalf of Asset Acceptance.

15. In or around March of 2016, Plaintiff received a Notice of Garnishment referencing a judgment in the amount of $4,064.42.

16. On or about March 31, 2016, Price Law Group ("PLG") attorneys had contact with Defendant in attempt to settle Plaintiff's alleged debt with Asset Acceptance.

17. On April 8, 2016, PLG contacted Defendant informing representative "Yao" that Plaintiff had agreed to pay a lump sum of $3,000.00 to be due on or about April 20, 2016.

18. During the conversation with Yao, PLG informed him that a garnishment release letter needed to be sent to Plaintiff's employer to quash the garnishment.

19. On April 11, 2016, a fax number (303-830-3488) and contact information (Audrey Stepp) was provided to Defendant to issue the letter of release of garnishment to Plaintiff's employer.

20. On or about April 13, 2016, a follow up call, in regards to Plaintiff's settlement agreement, was placed from PLG to Defendant.

21. Defendant informed PLG that the settlement agreement and release would be sent to PLG's office immediately. PLG did not receive the settlement agreement and release until Friday April 15, 2016. By this date, an amount

of $834.05 was garnished from Plaintiff's wages. A release of garnishment had not yet been sent to Plaintiff's employer, as was agreed upon during the negotiations.

22. Defendant's delay in sending a settlement agreement to PLG or release of garnishment to Plaintiff's employer is not Plaintiff's responsibility.

23. On or about April 19, 2016, Plaintiff signed and returned the settlement agreement to Defendant, along with a check of $3,000.00.

24. On April 22, 2016, PLG followed up with a phone call to Defendant to confirm receipt of Plaintiff's signed settlement agreement and payment of $3,000.00.

25. On April 29, 2016, after the settlement agreement and funds were received by Defendant, Plaintiff's wages were once again garnished in the amount of $834.06.

26. Defendant's conduct as described above was intended to harass, coerce, and intimidate Plaintiff into payment of the alleged debt, or to increase the amount Plaintiff was willing to pay.

27. Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempts to collect the alleged debt.

# CAUSE OF ACTION

# COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTES ACT

28. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

29. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   i. Defendant violated the FDCPA by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of Title 15 of the United States Code (Fair Debt Collection Practices Act).

   ii. Defendant violated 15 USC 1692e(2)(A), by falsely representing the character, amount or legal status of any debt;

   iii. Defendant violated 15 USC 1692e(10), by using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

   iv. Defendant violated 15 USC 1692f(1), by using unfair or unconscionable means to collect or attempt to collect any debt.

Specifically, the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

30. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

31. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Judy Shepard-Hall respectfully requests that judgment be entered against Defendant for the following:

(a) Actual Damages pursuant to 15 U.S.C. 1692k(a)(1); and

(b) Statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692k; and

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(3)

(d) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and

(e) For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

1
2   RESPECTFULLY SUBMITTED,
3
4
5   Dated: June 17, 2016
6                                          By: /s/ *Stuart Price*
                                               Stuart Price, Esq.
7                                              15760 Ventura Boulevard,
                                               Suite 800
8                                              Encino, CA 91436
                                               Tel: 818-205-2466
9                                              Stuart@pricelawgroup.com
                                               Attorney for Plaintiff,
10                                             Judy Shepard-Hall
11
12
...
28

- 8 -
COMPLAINT FOR DAMAGES