TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
R. TRAVIS CAMPBELL (SBN 271680)
tcampbell@snllp.com
JENNIFER L. YAZDI (SBN 301868)
jyazdi@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625

Attorneys for Defendant
Gordon & Wong Law Group, P.C.
(erroneously sued as "Gordon and
Wong Law Group PC")

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY SHEPARD-HALL,<br><br>Plaintiff,<br><br>vs.<br><br>GORDON AND WONG LAW GROUP PC; and DOES 1 to 10, inclusive ,<br><br>Defendants. | CASE NO.  2:16-cv-01361-MCE-GGH<br><br>**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT'S MOTION OF SUMMARY JUDGMENT**<br><br>Date: April 20, 2017<br>Time:  2:00 p.m.<br>Ctrm:  7, 14th Floor<br><br>The Honorable Morrison C. England, Jr. |

Pursuant to Local Rule 260(a), defendant Gordon & Wong Law Group, P.C. (erroneously sued as "Gordon and Wong Law Group PC") ("Gordon & Wong" or "the Firm") hereby submits the following separate statement of undisputed facts in support of its motion for summary judgment.

| UNDISPUTED FACT | EVIDENCE IN SUPPORT |
|---|---|
| 1.  Gordon Wong was retained by Asset Acceptance, LLC ("Asset") to enforce a state court judgment entered against Judy Shepard-Hall ("Hall") for the balance owed on her delinquent Dell Financial Services account ("the Account") in the matter *Asset Acceptance, LLC v. Judy Shepard-Hall*, case no. VCM 102358, Solano County Superior Court ("State Court Action"). | Declaration of Mitchell L. Wong in Support of Defendant's Motion for Summary Judgment (" Wong Decl."), ¶ 6. |
| 2.  On February 23, 2016, the Firm filed a writ of execution in the State Court Action, which, along with other documentation, was subsequently served on Hall's employer by the Sacramento County Sheriff's Office. | *Id*. at ¶ 7, Ex. 2. |
| 3.  On March 31, 2016, Gordon & Wong received a phone call from a representative of Price Law Group, APC ("PLG"), who stated that PLG had been retained to represent Hall in connection with negotiating a settlement of the Account.  Thereafter, between April 4, 2016 and April 8, 2016, an employee of Gordon & Wong had several telephone conversations with the PLG representative regarding settling the Account. | *Id*. at ¶ 8. |
| 4.  During two calls on April 8, 2016, Gordon & Wong's representative advised PLG that Asset would accept Hall's offer to settle the Account for one payment in the amount of $3,000. | *Id*. at ¶ 9, Exs. 3-4. |
| 5.  Gordon & Wong did not agree to directly notify Hall's employer that the garnishment should be terminated. Nor was there any agreement regarding the specific date when Gordon & Wong would provide the settlement documents to PLG.  Nor did Gordon & Wong agree to terminate garnishment proceedings prior to receiving the settlement payment from Hall | *Id*. at ¶ 10. |

| | |
|---|---|
| 6. The Firm's procedure is to notify the sheriff's office of the termination of the garnishment after receiving the settlement payment from the debtor, as the sheriff is the only entity who can terminate a court ordered garnishment. | *Id*. |
| 7. On April 15, 2016, Gordon & Wong faxed a letter to PLG reflecting the settlement terms agreed to during the April 8 call ("April 15 Letter"). | *Id*. at ¶ 11, Ex. 5. |
| 8. After the letter was sent, Gordon & Wong received a call from PLG claiming that Hall's wages had been garnished that morning. During the call, the PLG representative said she "thought" that Gordon & Wong would send the notice of termination of garnishment prior to April 15, 2016. The Firm explained that no such agreement had been reached, and the termination request would be sent when the settlement payment was received. The PLG representative requested that the text of the April 15 Letter be revised, to reduce the settlement payment by the amount that had been garnished. Gordon & Wong agreed. | *Id*. at ¶ 12, Ex. 6. |
| 9. On April 19, 2016, Gordon & Wong faxed PLG the revised settlement letter, stating that Hall was to pay $2,165.91 by April 29, 2016, and the remainder of the settlement would be satisfied by the amount that had been garnished on April 15 ("April 19 Letter"). | *Id*. at ¶ 13, Ex. 7. |
| 10. On April 19, 2016, Gordon & Wong faxed a notice to the Sacramento County Sheriff's office, requesting that the garnishment be terminated effective April 19, 2016. That same day, the sheriff's office received the notice. | *Id*. at ¶ 14, Ex. 8; Declaration of Wendy Swander ("Swander Decl."), ¶ 3. |
| 11. On April 20, 2016, Gordon & Wong received an executed copy of the April 15 Letter and payment of $3,000 from PLG, which was $834.09 more than the parties agreed Hall would pay. | Wong Decl. at ¶ 15, Ex. 9. |

| | |
|---|---|
| 12. On April 26, 2016, the Firm sent a second fax to the Sacramento County Sheriff's office requesting that the garnishment be terminated effective April 19, 2016. The second fax was sent because the Sheriff's office claimed that the prior termination request it received from the Firm was unsigned. | *Id*. at ¶ 16, Ex. 10; Swander Decl. at ¶¶ 4-5. |
| 13. On April 27, 2016, the sheriff's office notified Hall's employer that the garnishment should be terminated. | Wong Decl. at ¶ 17; Swander Decl. at ¶ 6. |
| 14. On May 5, 2016, Gordon & Wong received a letter from PLG claiming that Hall's wages had been garnished on April 29, 2016, and demanding the Firm pay $4,000 or she would sue for alleged violations of the Fair Debt Collection Practices Act. | Wong at ¶ 18, Ex. 11. |
| 15. On May 19, 2016, after conducting an investigation, attorney Mitchell Wong of Gordon & Wong sent a letter to PLG explaining the Firm had timely notified the Sheriff that the garnishment should be terminated, and that any additional amounts garnished were not the result of any error by the Firm. | *Id*. at ¶ 19, Ex. 12. |
| 16. As a result of the overpayment by Hall on April 20, 2016, Gordon & Wong voided the check it received from the Sheriff in connection with the April 15,2016 garnishment and instructed the Sacramento County's Sheriff office to return the funds to Hall.  The funds were returned, including any fees charged to Hall by the sheriff. | *Id*. at ¶ 20. |
| 17. Gordon & Wong never communicated directly with Hall after being contacted by PLG.  The Firm negotiated in good faith with Hall's attorneys and provided timely notice to the Sheriff that the garnishment should be terminated, consistent with the settlement.  The Firm had no control over whether or when the Sheriff notified Hall's employer of the termination request. | *Id*. at ¶ 21. |

DATED: February 13, 2017          SIMMONDS & NARITA LLP
                                  TOMIO B. NARITA
                                  R. TRAVIS CAMPBELL
                                  JENNIFER L. YAZDI

                                  By:   s/R. Travis Campbell
                                        R. Travis Campbell
                                        Attorneys for Defendant
                                        Gordon & Wong Law Group, P.C.
                                        (erroneously sued as "Gordon and Wong
                                        Law Group PC")