PRICE LAW GROUP, APC
Stuart M. Price (SBN 150439)
15760 Ventura Boulevard, Suite 800
Encino, California 91436
Telephone: 818.205.2466
Stuart@pricelawgroup.com
Attorney for Plaintiff
Judy Shepard-Hall

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY SHEPARD-HALL,<br><br>Plaintiff,<br><br>vs.<br><br>GORDON AND WONG LAW GROUP PC; and DOES 1 to 10, inclusive,<br><br>Defendant(s). | Case No.: 2:16-cv-01361-MCE<br><br>**PLAINTIFF JUDY SHEPARD-HALL'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:   April 20, 2017<br>Hearing Time:   2:00 p.m.<br>Courtroom:   7, 14th Floor<br><br>The Honorable Morrison C. England, Jr. |

COMES NOW Plaintiff Judy Shepard-Hall ("Plaintiff" or "Shepard-Hall") and files this Response in Opposition to Defendant, Gordon and Wong Law Group PC's ("Gordon and Wong" or "Defendant") Motion for Summary Judgment.  In its motion, Defendant claims that the Fair Debt Collection Practices Act ("FDCPA") does not apply to communications between Defendant and Plaintiff's counsel. Additionally, Defendant claims that it did not make any false or misleading statements during those conversations in violation of the FDCPA.

- 1 -

Plaintiff respectfully requests that this Court deny Defendant's Motion for Summary Judgment as there are several disputes related to the material facts of this claim and because Defendant's Motion is based on an argument not relevant to the claims alleged in the Complaint.

**INTRODUCTION**

In or around March, 2016, Plaintiff received a notice of garnishment from Defendant. On March 31, 2016, Price Law Group ("PLG") communicated with Defendant to try and settle the debt on behalf of Plaintiff. On April 8, 2016, PLG and Defendant agreed to a settlement of one payment of $3,000 to be paid by April 29, 2016. During this April 8, 2016, conversation, Defendant's representative was told that the garnishment release letter would need to be sent to Plaintiff's employer in order for future garnishments to cease. Defendant representative then asked the PLG representative for Plaintiff's employer's fax number.

On April 11, 2016, a PLG representative reached out to Defendant and provided Plaintiff's employer's fax number for the purpose of Defendant sending the garnishment termination notice. On April 15, 2016, Plaintiff received a drafted settlement agreement and the garnishment release. The same day, Plaintiff was garnished for $834.06. On April 19, 2016, Plaintiff signed the settlement agreement and sent Defendant a check in the amount of $3,000.00. On April 22, 2016, PLG called Defendant to confirm receipt of payment; Defendant confirmed that the $3,000.00 was received on April 20, 2016. On April 29, 2016, ten days after the

$3,000.00 payment was sent, Plaintiff was garnished again for $834.06 even though she complied with the terms of the settlement agreement.

## ARGUMENT

### I.  Legal Standard

Summary judgment is appropriate only where the record, read in the light most favorable to the nonmoving party, indicates that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Material facts are those necessary to the proof or defense of a claim, and are determined by reference to substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322. A fact issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. To demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (citations and internal quotation marks omitted). In deciding a motion for summary judgment, "[t]he evidence of the

nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and the opposing party must produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

The burden initially is on the moving party to demonstrate an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets its burden, then the nonmoving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact. *See id.* at 322–23. If the nonmoving party meets this burden, the motion will be denied. *Nissan Fire & Marine Ins. Co. v. Fritz Co.,* 210 F.3d 1099, 1103 (9th Cir. 2000).

## II. Communications Between Counsel are Actionable Under the FDCPA

### A. Excluding Lawyers Engaged in Debt-Collection Litigation from the FDCPA Would be Against Public Policy

Defendant relies on *Guerrero v. RJM Acquisitions, LLC*, 499 F.3d 926 (9th Cir. 2007) to support its argument that communications between Counsel are not covered under the FDCPA. In *Guerrero*, RJM Acquisitions, LLC ("RJM") sent two collection letters to the debtor, Guerrero. Prior to responding, Guerrero contacted an attorney who then responded to RJM claiming that they violated the FDCPA. The letter sent by Guerrero's attorney also contained a request for validation of debt. RJM responded by sending a letter to Guerrero's attorney confirming that they

- 4 -

received notice of Guerrero's representation. *Id.* at 934. Included in the confirmation letter were the words, "This is an attempt to collect a debt. Any information obtained will be used for that purpose." *Id.* at 931. The District Court held that RJM violated the FDCPA and awarded settlement for Guerrero. The Court of Appeals reversed the lower court's decision holding that communications between counsel were not actionable under the FDCPA. *Id.* at 940. The basis for their conclusion was mostly policy based, as the court stated, "when the debt collector ceases contact with the debtor, and instead communicated exclusively with an attorney hired to represent the debtor in the matter, the Act's structures no longer apply to those communications." *Id.* The Court reasoned that when a debtor hires an attorney, the attorney should protect the debtor from illegal collection practices and the FDCPA is then no longer serving its original purpose, which is to "protect vulnerable and unsophisticated debtors from abuse, harassment, and deceptive collection practices." *Guerrero*, 499 F.3d at 939.

Conveniently, Defendant also fails to mention that Courts are split on this issue and there are several jurisdictions which hold that communications with a consumer's attorney are subject to the FDCPA. *See, Allen ex rel. Martin v. LaSalle Bank, N.A.* No. 09-1466, 2011 WL 94420 (3d Cir. Jan. 12, 2011); *See also, Evory v. RJM Acquisitions Funding LLC,* 505 F.3d 769 (7th Cir. 2007).

Defendant states specifically that the purpose of the statute isn't served when applying its prohibitions to communications sent only to a debtor's attorney,

- 5 -

"**particularly in the context of settlement negotiations.**" (Doc. 9, Page 6, Lines 20-21) In the instant matter, settlement negotiations between Plaintiff and Defendant were already completed. Plaintiff complied with her terms of the settlement and made timely payment. However, Defendant didn't properly and timely notify the appropriate parties of the settlement to quash the garnishment and, as a result; Plaintiff was improperly garnished $834.06. Further, the presence of counsel in this matter was immaterial as counsel's direct involvement was completed. The actions of the Defendant directly involved and affected the P

The FDCPA was enacted to protect consumers from harassing debt collection measures. The statute is broad in scope and does not explicitly exempt communications to an attorney. Doing so limits the protection a consumer has under the statute.  In this case, settlement negotiations were completed to the agreement of both parties, a settlement agreement was executed by the parties and Plaintiff made payment in reliance on the agreement. Plaintiff was entitled to protection under the FDCPA throughout the settlement negotiations and all acts after conclusion of the settlement in furtherance of the purpose of the FDCPA. However, Defendant continued to act unconscionably by failing to properly quash the garnishment.

In *Heintz v. Jenkins,* 514 U.S. 291, 299 (1995), the Court held that the Act must be read to apply to lawyers engaged in "consumer-debt-collection activity, even when that activity consists of litigation." If communications between attorneys

engaged in litigation were exempted from the FDCPA, then law firms who fall under the FDCPA's definition of a "debt-collector" would never be held liable for their actions. *Heintz*, at 294.

Similarly, in the instant case, Defendant is a law firm specializing in debt collection. During settlement communications between Plaintiff's attorney and Defendant, Defendant made several misleading statements and thereafter, committed violations of the FDCPA. In order to shield itself from liability, Defendant is now claiming that communications between attorneys engaged in litigation are exempt from the FDCPA. If that were true, then Defendant, or similar debt collection law firms, could **always** argue that they are exempt from the FDCPA.

**B. <u>According to the Statutory Definition in the FDCPA, "Communication" Applies to all Parties</u>**

The plain language of the FDCPA defines "communication" as "conveying of information regarding a debt directly or **indirectly** to any person through any medium" (emphasis added) 15 U.S.C. §1692a(2). Communication with a debtor's attorney would be, by definition, a direct or indirect communication because the terms "direct or indirect" cover almost all forms of communication. The definition also reaches out to "any person", an attorney would qualify as "any person." The court in *Guerrero* held that the communications between counsel engaged in litigation were not actionable under the FDCPA. *Guerrero*, 499 F.3d at 950. Their

- 7 -

arguments are based solely on policy reasons outlined above. Even if that decision made for good policy, which it does not, the statutory definitions within the FDCPA allow for an interpretation where attorney communications during litigation are actionable.  The Court, in *Sayyed v Wolpoff & Abramson*, 485 F.3d 226 (4th Cir. 2007), found that communication between debtor's counsel and a debt collector "plainly qualifies as an indirect communication to the debtor." *Sayyed*, 485 F.3d 226 at 232. The court bases this conclusion solely on the statutory definitions.

In an earlier version of the Act, Congress created an exemption which expressly excluded any attorney at law collecting a debt as an attorney of and in the name of the a client from the statute. However, that exemption was repealed without making a replacement. Defendant in this matter is liable for its actions as a debt collector and must act in accordance with the FDCPA, which in this case Defendant failed to do.

This matter deals with the Defendants conduct post settlement in relation to Plaintiff's debt. All communications between Plaintiff's Counsel, Plaintiff and Defendant are within the statutory definition of the FDCPA and within the guidelines of the statute and actionable.

### III.    Defendant's Violation of the FDCPA is Based on its Conduct Post Settlement, Not on the Communications Between the Parties

Contrary to what Defendant has argued, Plaintiff's claim that Defendant violated the FDCPA is not based on communications between counsel, it is based on the actions of Defendant relating to Plaintiff's garnishment.

In the initial Complaint filed by Plaintiff, Plaintiff describes the circumstances surrounding the two relevant garnishments.  After the parties agreed upon the terms of the settlement, Defendant's representative was notified of the urgency of notifying Plaintiff's employer of the settlement to cease future garnishments. During April 8, 2016 communication, G&W requested Plaintiff's employer's information. The information was provided the following business day on April 11, 2016. The parties were under the impression Plaintiff's employer would be notified of the settlement. Nevertheless, Plaintiff was garnished on April 15, 2016. Defendant relies on its recordings in support of their position that such an agreement was not made. Plaintiff, despite multiple requests, has not been provided these recordings and only learned of their existence when Defendant filed the this Motion.

A second garnishment occurred, on April 29, ten days after Plaintiff paid funds per the settlement. (Doc. 2, Page 5: Line 15). Garnishing Plaintiff's wages ten days after the settlement was agreed upon and complied with by Plaintiff violates

multiple sections of the FDCPA, independent of any communications between counsel.

First, Defendant violated15 U.S.C. §1692e(2)(A). This section states that a debt collector cannot falsely represent the character, amount, or legal status of any debt. Once Plaintiff paid her settlement on April 19, 2016, the "legal status" of the debt changed. It was no longer an outstanding debt, it was a settled debt. Defendant, in continuing to garnish Plaintiff's wages ten days after the settlement was paid, falsely represented the status of the debt to Plaintiff and her employer. Garnishing Plaintiff's wages was a misrepresentation of the legal status of the debt.

Second, Defendant violated 15 U.S.C. § 1692e(10). This section prohibits using "…false representations or deceptive means to collect or attempt to collect any debt…" This section is similar to §1692e(2)(A) in that both sections prohibit false representations used in collecting debts. Defendant falsely represented to Plaintiff's employer the fact that the debt was still collectable. Defendant, in delaying sending the notice of termination of garnishment, falsely represented the fact that the debt was still outstanding. Defendant should have notified both the sheriff's office and Plaintiff's employer, in a timely manner, that Plaintiff's debt had been satisfied.  Defendant's delay in noticing all relevant parties that Plaintiff had paid off her debt was a violation of §1692e(10).

Lastly, Defendant violated 15 U.S.C. § 1692f(1). This section prohibits "the collection of any amount… unless such amount is expressly authorized by the

agreement…." Plaintiff paid off her settlement on April 19, 2016. Defendant garnished Plaintiff's wages on April 29, 2016, for $834.06. Defendant, at that point, had collected $834.06 more than was authorized by the settlement agreement. §1692f(1) prohibits collecting any amount that is not expressly authorized by the agreement. At the time of collection and for at least ten days prior The actions by Defendant in this case directly violated §1692f(1).

Regardless of any communication between the parties, collecting on a debt that is no longer owed is a violation of the FDCPA. After Plaintiff's settlement was paid in full, Defendant did not properly act under the FDCPA to quash the garnishment leading Plaintiff to be garnished post settlement.

## IV.   CONCLUSION

Summary Judgment should be denied because there are genuine disputes as to the material facts of this case. Plaintiff and Defendant disagree on a significant portion of Defendant's alleged facts, and Plaintiff did not have access to all of the phone call recordings or documents that Defendant referenced in their statement of facts (Doc. 9-1) that occurred between the parties.

Defendant's argument also relies on the premise that communication between counsel are not actionable under the FDCPA, while Plaintiff's claims originated from Defendant's delayed garnishment actions.

Further, Plaintiff's complaint does not fail as a matter of law. Plaintiff has provided evidence and case law to show that communications of any type between

- 11 -

Defendant and Plaintiff's counsel are, in fact, actionable under the FDCPA. Plaintiff has also shown that Defendant's actions violated the FDCPA, regardless of any settlement communications between Plaintiff's counsel and Defendant.

Based on the foregoing, the Court should deny Defendant's Motion for Summary Judgment.

DATED this 6thth day of April 2017.

PRICE LAW GROUP, APC


By: __/s/Stuart M. Price_____

Stuart M. Price (SBN 150439)
**Attorney for Plaintiff**
**Judy Shepard-Hall**