PRICE LAW GROUP, APC
Stuart M. Price (SBN 150439)
15760 Ventura Boulevard, Suite 800
Encino, California 91436
Telephone: 818.205.2466
Stuart@pricelawgroup.com

Attorney for Plaintiff
Judy Shepard-Hall

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY SHEPARD-HALL, | Case No.: 2:16-cv-01361-MCE |
| Plaintiff, | **PLAINTIFF JUDY SHEPARD-HALL'S STATEMENT OF FACTS IN RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| GORDON AND WONG LAW GROUP PC; and DOES 1 to 10, inclusive, | |
| Defendant(s). | Hearing Date:   April 20, 2017<br>Hearing Time:   2:00 p.m.<br>Courtroom:   7, 14th Floor |
| | The Honorable Morrison C. England, Jr. |

Pursuant to Local Rule 260(b), plaintiff Judy Shepard-Hall ("Shepard-Hall" or "Hall") hereby submits the following statement of undisputed facts initially submitted by Defendant. In opposition to Defendant's motion, Plaintiff denies several of the listed facts.

- 1 -

| FACT (Denied/admitted) | EVIDENCE IN SUPPORT |
|---|---|
| • Gordon Wong was retained by Asset Acceptance, LLC ("Asset") to enforce a state court judgment entered against Judy Shepard-Hall ("Hall") for the balance owed on her delinquent Dell Financial Services account ("The Account") in the matter Asset Acceptance, LLC v. Judy Shepard-Hall, the case no. VC 102358, Solano County Superior Court ("State Court Action"). | Admit |
| • On February 23, 2016, the Firm filed a writ of execution in the State Court Action, which, along with other documentation, was subsequently served on Hall's employer by the Sacramento County Sheriff's Office. | Admit |
| • On March 31, 2016, Gordon & Wong received a phone call from a representative of Price Law Group, APC ("PLG"), who stated that PLG had been retained to represent Hall in connection with negotiating a settlement of the Account. Thereafter, between April 4, 2016 and April 8, 2016, an employee of Gordon & Wong had several telephone conversations with the PLG representative regarding settling the Account. | Admit |
| • During two calls on April 8, 2016, Gordon & Wong's representative advised PLG that Asset would accept Hall's offer to settle the Account for one payment in the amount of $3,000. | Admit |
| • Gordon & Wong did not agree to directly notify Hall's employer that the garnishment should be terminated. Nor was there any agreement regarding the specific date when Gordon & Wong would provide the settlement documents to PLG. Nor did Gordon & Wong agree to terminate garnishment proceedings prior to receiving the settlement payment from Hall | Deny based on the phone conversation on April 8, 2016, which was provided with Defendant's Notice of Lodging of Exhibits 3, 4, and 6.

On April 8, 2016 at approximately at 4:21 p.m. Pacific Standard Time, the representative asks Price Law Group's representative for the fax number of Plaintiff's employer. This question occurred after the parties were discussing the release of garnishment notice. This request implied Defendant intended to send those documents to Plaintiff's employer. |

| | |
|---|---|
| | On April 11, 2016, Plaintiff's counsel placed a phone call to Defendant and gave them Plaintiff's employer's fax number for Defendant to send the garnishment termination letter. This phone call recording was also requested by Plaintiff in the first set of Requests for Production of Documents (Exhibit A) (Doc. Request No. 6). This phone call was also not attached to Defendant's Motion for Summary Judgment. |
| • The Firm's procedure is to notify the sheriff's office of the termination of the garnishment after receiving the settlement payment from the debtor, as the sheriff is the only entity who can terminate a court ordered garnishment. | Plaintiff cannot Admit or Deny this fact because Plaintiff was not provided the information it requested. Plaintiff, in their initial Requests for Production of Documents (Exhibit A), asked Defendant for their administrative handbook (Doc. Request No. 11) as well as their training documents (Doc. Request No. 12). Defendant never provided any of that information to Plaintiff after their response on October 19, 2016. Defendant objected to this request based on relevance of the subject matter. Yet, Defendant relies on its policies and procedures in support of its Motion for Summary Judgment. |
| • On April 15, 2016, Gordon & Wong faxed a letter to PLG reflecting the settlement terms agreed to during the April 8 call ("April 15 Letter"). | Admit. |
| • After the letter was sent, Gordon & Wong received a call from PLG claiming that Hall's wages had been garnished that morning. During the call, the PLG representative said she "thought" that Gordon & Wong would send the notice of termination of garnishment prior to April 15, 2016. The Firm explained that no such agreement had been reached, and the termination request would be sent when the settlement payment was received. The PLG representative requested that the text of the April 15 Letter be revised, to reduce the settlement payment by the amount that had been garnished. Gordon & Wong agreed. | Admit that the PLG representative "thought" the termination letter would be sent. Deny, there was no explanation provided by Defendant that stated the termination request would be sent when the settlement payment was received. Admit that PLG requested the April 15 Letter be revised. |
| • On April 19, 2016, Gordon & Wong faxed PLG the revised settlement letter, stating that Hall was to pay $2,165.91 by April 29, | Admit. Plaintiff received this new settlement letter through fax on April 19, 2016. |

| | |
|---|---|
| 2016, and the remainder of the settlement would be satisfied by the amount that had been garnished on April 15 ("April 19 Letter"). | |
| • On April 19, 2016, Gordon & Wong faxed a notice to the Sacramento County Sheriff's office, requesting that the garnishment be terminated effective April 19, 2016. That same day, the sheriff's office received the notice | Plaintiff cannot Admit or Deny this fact because Plaintiff was not provided the information it requested. In Plaintiff's initial Request for Production of Documents (Exhibit A), Plaintiff asked for proof that those documents were sent to the Sheriff's office (Doc. Request No. 8). Defendant said that they would produce those documents, but they were never provided to Plaintiff. |
| • On April 20, 2016, Gordon & Wong received an executed copy of the April 15 Letter and payment of $3,000 from PLG, which was $834.09 more than the parties agreed Hall would pay. | Plaintiff does not have sufficient information to know what date Defendant received the check from Plaintiff. |
| • On April 26, 2016, the Firm sent a second fax to the Sacramento County Sheriff's office requesting that the garnishment be terminated effective April 19, 2016. The second fax was sent because the Sheriff's office claimed that the prior termination request it received from the Firm was unsigned. | Plaintiff cannot Admit or Deny this fact because Plaintiff was not provided the information it requested. In Plaintiff's initial Request for Production of Documents (Exhibit A), Plaintiff asked for proof that those documents were sent to the Sheriff's office (Doc. Request No. 8). Defendant said that they would produce those documents, but they have yet to be provided to Plaintiff. |
| • On April 27, 2016, the sheriff's office notified Hall's employer that the garnishment should be terminated. | Plaintiff does not have knowledge to admit or deny this fact. |
| • On May 5, 2016, Gordon & Wong received a letter from PLG claiming that Hall's wages had been garnished on April 29, 2016, and demanding the Firm pay $4,000 or she would sue for alleged violations of the Fair Debt Collection Practices Act. | Admit. |
| • On May 19, 2016, after conducting an investigation, attorney Mitchell Wong of Gordon & Wong sent a letter to PLG explaining the Firm had timely notified the Sheriff that the garnishment should be terminated, and that any additional amounts garnished were not the result of any error by the Firm. | Admit that Plaintiff's counsel received the letter from Gordon & Wong. |
| • As a result of the overpayment by Hall on April 20, 2016, Gordon & Wong voided the | Admit that Plaintiff's funds were returned to her by the County's Sheriff Office. |

- 4 -

| | |
|---|---|
| check it received from the Sheriff in connection with the April 15,2016 garnishment and instructed the Sacramento County's Sheriff office to return the funds to Hall. The funds were returned, including any fees charged to Hall by the sheriff. | Plaintiff does not have enough information about the communications of G&W and the Sheriff to admit or deny this statement. |
| • Gordon & Wong never communicated directly with Hall after being contacted by PLG. The Firm negotiated in good faith with Hall's attorneys and provided timely notice to the Sheriff that the garnishment should be terminated, consistent with the settlement. The Firm had no control over whether or when the Sheriff notified Hall's employer of the termination request. | Admit that Gordon & Wong never communicated directly with Plaintiff after being contacted by PLG.<br><br>Deny that Gordon & Wong had no control over whether or when the Sheriff notified Hall's employer of the termination request. Defendant claimed in their statement of facts that they were notified by the Sheriff's Office on April 27 that Plaintiff's employer had been notified of the termination of garnishment. |

According to Local Rule 260(b), the opposing party to a Motion for Summary Judgment must, "[I]f a need for discovery is asserted as a basis for denial of the motion, the party opposing the motion shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary." Plaintiff asserted the need for discovery in several of her denials of Defendant's facts.

Most of the factual denials deal with two discovery needs. First, Plaintiff has requested copies of all relevant phone conversations. These calls include the following conversations: discussions about settlement agreements, conversations about settlement payment, discussions pertaining to how Plaintiff's employer would be notified of the lifted garnishment, and discussions about the date that the garnishment would be lifted. Those conversations occurred on the following dates:

March 31, 2016; April 8, 2016; April 11, 2016; April 13, 2016; April 15, 2016; and April 22, 2016. None of the conversations from the listed dates were provided directly to Plaintiff. Some of the conversations were filed along with Defendant's Motion for Summary Judgment without ever having been given to Plaintiff's counsel. The second request was for Defendant's employee policies and procedures. Plaintiff has been told several times during the litigation process that Defendant does not stop garnishment until after the settlement is paid. Their actions between April 19 and April 20, 2016, show differently. Plaintiff requested to look at the policies directly to determine what the procedures should have been. Plaintiff's requests are supported by its Request for Production of Documents and the respective responses provided by Defendant attached hereto as Exhibit A.

DATED this 6th day of April, 2017.

PRICE LAW GROUP, APC

By: __/s/Stuart M. Price_____

Stuart M. Price (SBN 150439)
**Attorney for Plaintiff**
**Judy Shepard-Hall**