# EXHIBIT

# A

TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
R. TRAVIS CAMPBELL (SBN 271680)
tcampbell@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625

Attorneys for Defendant
Gordon & Wong Law Group, P.C.
(erroneously sued as "Gordon and
Wong Law Group PC")

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY SHEPARD-HALL,<br><br>                    Plaintiff,<br><br>            vs.<br><br>GORDON AND WONG LAW GROUP PC; and DOES 1 to 10, inclusive ,<br><br>                    Defendants. | CASE NO.  2:16-cv-01361-MCE-GGH<br><br>**DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE** |

PROPOUNDING PARTY:          Plaintiff JUDY SHEPARD-HALL

RESPONDING PARTY:          Defendant GORDON & WONG LAW GROUP P.C.

SET NO.:          ONE

SHEPARD-HALL v GORDON AND WONG LAW GROUP PC (CASE NO. 2:16-cv-01361-MCE-GGH)
RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

Defendant GORDON & WONG LAW GROUP P.C. (erroneously sued as "Gordon and Wong Law Group PC") ("Defendant") hereby objects and responds to each of plaintiff JUDY SHEPARD-HALL's ("Plaintiff") Requests for Production of Documents, Set One as follows:

## GENERAL OBJECTIONS

A.    Defendant objects to each Request, Definition or Instruction to the extent that it is overbroad and subjects Defendant to unreasonable and undue annoyance, oppression, burden, and expense, and seeks information which is neither relevant to the subject matter of this lawsuit nor proportionally tailored to the reasonable needs of the case.

B.    Defendant objects to each Request to the extent that it seeks materials which are not in the possession, custody or control of Defendant, or which are equally or more readily available to Plaintiff.

C.    Defendant objects to each Request, Definition and Instruction to the extent it is not limited as to the subject matter, geographic area, or to the time frame of the matters alleged in the Complaint.

D.    To the extent that any Request, Definition or Instruction may be construed as requiring Defendant to characterize documents or their contents, or to speculate as to what documents may or may not show, Defendant objects on the grounds they are vague, ambiguous and call for legal conclusions and speculations.

E.    Defendant objects to each Request, Definition and Instruction to the extent that it imposes upon Defendant obligations greater than those imposed by the Federal Rules of Civil Procedure or this Court's Local Rules.

F.    Defendant objects to each Request to the extent it seeks information that constitutes, reflects, or contains communications between counsel and Defendant, on the grounds that such communications are protected from discovery by virtue of the attorney-client privilege, the joint defense privilege, or any other recognized

privilege or immunity. Defendant further objects to each Request to the extent it calls for information that may reflect or contain attorney work product, on the grounds that such information is protected from discovery by virtue of the attorney work product doctrine.

G.   Defendant objects to each Request to the extent that it seeks proprietary information, trade secret information, information subject to any protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties. Defendant further objects to each Request to the extent it seeks information protected from disclosure by a right of privacy.

## RESPONSES TO REQUESTS FOR PRODUCTION

**DOCUMENT REQUEST NO. 1:**

All records of communications between Plaintiff and Defendant including all documents, records of telephonic or electronic communications, log books or other records.

**RESPONSE TO REQUEST NO. 1:**

Defendant objects to this Request on the grounds that the term "log books" is vague and ambiguous. Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive. Defendant objects to this Request on the grounds that it seeks information that is not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, and is not proportionally tailored to the reasonable needs of the case. Defendant objects to this Request to the extent that the documents requested are equally available to Plaintiff. Defendant objects to this Request to the extent that it seeks propriety information, trade secrets, or information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without

the consent of third parties, or information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant is not alleged to have had any communications with Plaintiff over the relevant time (*see* Complaint at ¶¶ 15-27), and therefore documents reflecting any such communications are not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 2:**

All documents containing the current names addresses and telephone numbers of persons who communicated with Plaintiff, worked on any aspect of Plaintiff's file. Defendant may produce a list of witnesses with names, addresses and telephone numbers in lieu of the documents requested.

**RESPONSE TO REQUEST NO. 2:**

Defendant objects to this Request on the grounds that the phrase "worked on any aspect of Plaintiff's file" is vague and ambiguous. Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive. Defendant objects to this Request on the grounds that it seeks information that is not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, and is not proportionally tailored to the reasonable needs of the case. Defendant also objects to this Request to the extent that it seeks propriety information, trade secrets, or information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties, or information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this Request on the grounds that it seeks private information of non-parties.

Subject to and without waiving the foregoing, Defendant is not alleged to have had any communications with Plaintiff over the relevant time (*see* Complaint at ¶¶ 15-27), and therefore documents reflecting any such communications are not

reasonably calculated to lead to the discovery of admissible evidence. Defendant's initial disclosures identify Tom Perry, Mitchell Wong and Yao Sae Chao as persons who may have discoverable information concerning the allegations in the Complaint and Defendant's defenses.

**DOCUMENT REQUEST NO. 3:**

All documents related to procedures followed and action taken to prevent unlawful debt-collections and violations of the FDCPA.

**RESPONSE TO REQUEST NO. 3:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive. Defendant objects to this Request on the grounds that it seeks information that is not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, and is not proportionally tailored to the reasonable needs of the case. Defendant also objects to this Request to the extent that it seeks proprietary information, trade secrets, or information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties, or information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the forgoing, upon entry of a protective order, Defendant will produce documents, if any, relating to any bona fide error defense that Defendant has asserted in this action.

**DOCUMENT REQUEST NO. 4:**

A copy of the contract between Defendant and Asset Acceptance for the collection of Plaintiff's debt.

**RESPONSE TO REQUEST NO. 4:**

Defendant objects to this Request on the grounds that it seeks information that is not relevant to the subject matter of this action, nor reasonably calculated to lead to

the discovery of admissible evidence, and is not proportionally tailored to the reasonable needs of the case. Defendant objects to this Request on the grounds that it seeks propriety information, trade secrets, or information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties, or information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant also objects to this Request on the grounds that it calls for a legal conclusion regarding whether a "debt" exists. Defendant lacks sufficient knowledge or information to form a belief as to whether Plaintiff's financial obligation was incurred primarily for personal, family or household purposes and therefore lacks sufficient knowledge or information to form a belief as to whether the obligation was a "debt" within the meaning of 15 U.S.C. § 1692a(5).

**DOCUMENT REQUEST NO. 5:**

The initial Notice of Garnishment that was sent to Plaintiff in March of 2016.

**RESPONSE TO REQUEST NO. 5:**

Defendant objects to this Request on the grounds that the term "Notice of Garnishment" is vague and ambiguous. Defendant objects to this Request on the grounds that the document sought is already in Plaintiff's possession. *See* Complaint at ¶ 15.

**DOCUMENT REQUEST NO. 6:**

Any recordings or notes that you have from conversations (telephonic or otherwise) between Plaintiff's attorneys (Price Law Group) and Defendant on: March 31, 2016; April 8, 2016; April 11, 2016; April 13, 2016; April 15, 2016; and April 22, 2016.

**RESPONSE TO REQUEST NO. 6:**

Defendant objects to this Request to the extent that it seeks information that is not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, and is not proportionally tailored to the reasonable needs of the case.  Subject to and without waiving the foregoing, Defendant responds as follows: Defendant will produce call recordings in its possession, custody or control with Plaintiff's counsel, if any, on the dates identified in this Request.  Defendant will further produce non-privileged portions of Defendant's internal account notes reflecting the content of those conversations.

**DOCUMENT REQUEST NO. 7:**

The signed and returned settlement agreement given to Defendant on or about April 19, 2016.

**RESPONSE TO REQUEST NO. 7:**

Defendant will produce a copy of the letter containing Plaintiff's signature that Defendant received on April 20, 2016.  Defendant did not receive a document containing Plaintiff's signature on April 19, 2016.

**DOCUMENT REQUEST NO. 8:**

Proof of when the letter of release of garnishment to Plaintiff's employer was actually sent.

**RESPONSE TO REQUEST NO. 8:**

Defendant objects to this Request on the grounds that a request for "proof" is not a proper request for production.  *See* Fed. R. Civ. Proc. 34.  Defendant objects to this Request on the grounds that "Plaintiff's employer" is vague and ambiguous. Subject to and without waiving the foregoing, Defendant will produce non-privileged documents in its possession, custody or control that reflect communications to Mercy Housing, Inc. concerning the termination of the garnishment at issue.

**DOCUMENT REQUEST NO. 9:**

All other data, screens, or documents that relate to the claims against Defendant or Defendant's defenses and affirmative defenses.

**RESPONSE TO REQUEST NO. 9:**

Defendant objects to this Request on the grounds that the terms "date" and "screens" are vague and ambiguous.  Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and oppressive, and to the extent that it seeks information that is not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, and is not proportionally tailored to the reasonable needs of the case.  Defendant also objects to this Request to the extent that it seeks propriety information, trade secrets, or information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties, or information protected by the attorney-client privilege or the attorney work-product doctrine.  Subject to and without waiving the foregoing, Defendant responds as follows: Defendant will produce non-privileged business records in its possession, custody or control responsive to this Request that are relevant to the subject matter of this lawsuit.  In addition, upon entry of a protective order, Defendant will produce documents, if any, relating to any bona fide error defense that Defendant has asserted in this action.

**DOCUMENT REQUEST NO. 10:**

All data, screens, or documents that relate to any facts alleged by Plaintiff in the Complaint or any amended or supplemental complaint.

**RESPONSE TO REQUEST NO. 10:**

Defendant objects to this Request on the grounds that no "amended or supplemental complaint" has been filed in this action.  Defendant objects to this Request on the grounds that the terms "date" and "screens" are vague and

ambiguous. Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and oppressive, and to the extent that it seeks information that is not relevant to the subject matter of this action, nor proportionally tailored to the reasonable needs of the case. Defendant also objects to this Request to the extent that it seeks propriety information, trade secrets, or information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties, or information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant will produce non-privileged business records in its possession, custody or control responsive to this Request that are relevant to the subject matter of this lawsuit.

**DOCUMENT REQUEST NO. 11:**

All documents, including the Admin Handbook, stating the meaning or definition of any codes, shorthand, terms or abbreviations appearing in any of the requested documents.

**RESPONSE TO REQUEST NO. 11:**

Defendant objects to this Request on the grounds that the terms "Admin Handbook," "codes" and "shorthands" are vague and ambiguous. Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and oppressive, and to the extent that it seeks information that is not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, and is not proportionally tailored to the reasonable needs of the case. Defendant also objects to this Request to the extent that it seeks proprietary information, trade secrets, or information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that

information without the consent of third parties, or information protected by the attorney-client privilege or the attorney work-product doctrine.

**DOCUMENT REQUEST NO. 12:**

All manuals, tests, video tapes, books or other documents pertaining to the training and supervision of defendant's employees or agents as to compliance with the sections of the Fair Debt Collection Practices Act at issue in this case.

**RESPONSE TO REQUEST NO. 12:**

Defendant objects to this Request on the grounds that the term "practice" and phrase "pertaining to" and "training and supervision" are vague and ambiguous. Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and oppressive, and to the extent that it seeks information that is not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, and is not proportionally tailored to the reasonable needs of the case. Defendant further objects to this Request to the extent that it seeks propriety information, trade secrets, or information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties, or information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving the forgoing, upon entry of a protective order, Defendant will produce documents, if any, relating to any bona fide error defense that Defendant has asserted in this action.

**DOCUMENT REQUEST NO. 13:**

Any complaints filed against Defendant in the past three (3) years under the FDCPA related to the garnishment of funds from a debtor.

**RESPONSE TO REQUEST NO. 13:**

Defendant objects to this Request on the grounds that the term "complaints" and phrase "related to the garnishment of funds from a debtor" are vague and ambiguous. Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and oppressive, and to the extent that it seeks information that is not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, and is not proportionally tailored to the reasonable needs of the case. Defendant objects to this Request to the extent that it seeks information that is more reasonably available to Plaintiff. The requested information concerns allegations made by other litigants in other courts based upon other sets of facts that have no bearing on the issues raised in this case.

**DOCUMENT REQUEST NO. 14:**

Any documents, records, or communications between Defendant and the Sherriff's *[sic]* office involved with the Plaintiff's garnishment.

**RESPONSE TO REQUEST NO. 14:**

Defendant objects to this Request on the grounds that the phrase "involved with the Plaintiff's garnishment" is vague and ambiguous. Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive. Defendant objects to this Request to the extent that it seeks information that is not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, and is not proportionally tailored to the reasonable needs of the case. Defendant further objects to this Request to the extent that it seeks propriety information, trade secrets, or information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties, or information protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and

without waiving the foregoing, Defendant will produce non-privileged documents reflecting communications it had with sheriff on or after April 1, 2016 that reference the garnishment at issue in this case.

DATED: October 19, 2016   SIMMONDS & NARITA LLP
             TOMIO B. NARITA
             R. TRAVIS CAMPBELL

             By: s/R. Travis Campbell
                R. Travis Campbell
                Attorneys for Defendant
                Gordon & Wong Law Group, P.C.
                (erroneously sued as "Gordon and Wong
                Law Group PC")