UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY SHEPARD-HALL, | No. 2:16-cv-01361-MCE-GGH |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| GORDON AND WONG LAW GROUP PC and DOES 1 to 10, | |
| Defendant. | |

In this suit, Plaintiff Judy Shepard-Hall alleges Defendant Gordon & Wong Law Group, P.C. violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, in collecting a state court judgment Defendant had been retained by a third party to enforce. Before the Court now are Defendant's Motion for Summary Judgment, ECF No. 9, and Motion for Sanctions, ECF No. 10, for filing a frivolous law suit. For the reasons below, both motions are GRANTED.[1]

///

///

///

///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local R. 230(g).

1

2

**BACKGROUND**

3
4
5
6
7
8
9
10

Non-party Asset Acceptance, LLC, retained Defendant Gordon & Wong to enforce a state court judgment entered against Plaintiff Shepard-Hall for the balance of Dell Financial Services account.  Stmt. Undisputed Facts ("SUF"), ECF No. 9-1, ¶ 1.  On February 23, 2016, Defendant filed a writ of execution to garnish Plaintiff's wages, which was served on Plaintiff's employer by the Sacramento County Sheriff's Office.  Id. ¶ 2. On April 8, 2016, the parties agreed by phone to settle the debt for a single payment of $3,000.  Id. ¶ 4.  Plaintiff was represented by the Price Law Group, APC, ("PLG") during these negotiations.  See id. ¶¶ 3–4.

11
12
13
14
15
16
17
18
19
20

On April 15, 2016, Defendant faxed a letter to PLG reflecting the settlement terms.  Id. ¶ 7.  PLG then called Defendant, informing Defendant that Plaintiff's wages had been garnished $834.09 that morning, and the parties agreed to reduce the $3,000 settlement by the amount garnished.  Id. ¶ 8.  Four days later, Defendant sent a new settlement letter to PLG, reflecting the new terms, and also faxed a notice to the Sacramento County Sheriff's Office to terminate the garnishment effective immediately. Id. ¶¶ 9–10.  On that same day—that is, four days after the new agreement was reached—Plaintiff sent Defendant a signed copy of the original settlement agreement and the full $3,000, not deducting the amount garnished as specified in the new agreement.

21
22
23
24
25
26

On April 29, 2016, as a result of an error by the Sheriff's Office, Plaintiff's wages were garnished again, even though the Sheriff's Office had been notified of the garnishment's termination.  Id. ¶ 14.  Because the garnishments resulted in overpayment, Defendant voided the check it had received from the first garnishment, and instructed the Sheriff's Office to return the second garnishment to Plaintiff, which it did.  Id. ¶ 16.

27
///

28
///

On May 5, 2016, Defendant received a letter from PLG demanding $4,000 in order to avoid suit under the FDCPA.  Id. ¶ 14.  Defendant refused to pay the $4,000, and this suit followed about a month later.  Compl., ECF No. 2.

**STANDARD**

**A. Summary Judgment**

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment.  See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378–79 (C.D. Cal. 1995).  The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment.  See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying the summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact."  Celotex, 477 U.S. at 323.  "However, if the nonmoving party bears the burden of proof on an issue at trial, the moving party need not produce affirmative evidence of an absence of fact to satisfy its burden."  In re Brazier Forest Prods. Inc., 921 F.2d 221, 223 (9th Cir. 1990).  If the moving party meets its initial responsibility, the

3

burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586–87 (1986); <u>First Nat'l Bank v. Cities Serv. Co.</u>, 391 U.S. 253, 288–89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 251–52 (1986); <u>Owens v. Local No. 169, Ass'n of W. Pulp & Paper Workers</u>, 971 F.2d 347, 355 (9th Cir. 1987).  The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  <u>Anderson</u>, 477 U.S. at 248.  In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the <u>onus</u> of proof is imposed."  <u>Anderson</u>, 477 U.S. at 251 (quoting <u>Improvement Co. v. Munson</u>, 81 U.S. 442, 448 (1871)).  As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  <u>Matsushita</u>, 475 U.S. at 586.  Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  <u>Id.</u> at 587.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed

4

before the court must be drawn in favor of the opposing party. <u>Anderson</u>, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. <u>Richards v. Nielsen Freight Lines</u>, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), <u>aff'd</u>, 810 F.2d 898 (9th Cir. 1987).

### B. Sanctions Under Rule 11

Federal Rule of Civil Procedure 11 provides, in relevant part:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11. "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule . . . ." <u>Id.</u>

Rule 11 "is designed to deter attorneys and unrepresented parties from violating their certification that any pleading, motion[,] or other paper presented to the court is supported by an objectively reasonable legal and factual basis; no showing of bad faith or subjective intent is required." <u>Truesdell v. S. Cal. Permanente Med. Grp.</u>, 209 F.R.D. 169, 173–74 (C.D. Cal. 2002). Rather, Rule 11 is governed by an objective standard of reasonableness. <u>See, e.g.</u>, <u>Conn v. COS Borjorquez</u>, 967 F.2d 1418, 1420 (9th Cir. 1992). Thus, where a party "pursues causes of action for which there is no legal basis whatsoever," sanctions may be warranted. <u>Bhambra v. True</u>, No. 09-cv-4685-CRB, 2010 WL 1758895, at *3 (N.D. Cal. Apr. 20, 2010).

///

"[T]he central purpose of Rule 11 is to deter baseless filings." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 254 (9th Cir. 1992) (alteration in original) (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 392 (1990)). "Under the plain language of the rule, when one party files a motion for sanctions, the court must determine whether any provisions of subdivision (b) have been violated." Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994). If Rule 11(b) was violated, the court "may" impose sanctions. Id. "If it decides not to impose sanctions, some reasoned basis for deciding not to do so is required . . . ." Id.

**ANALYSIS**

**A. Motion for Summary Judgment**

Defendant moves for summary judgment primarily on the basis that it communicated only with Plaintiff's attorneys and that Ninth Circuit precedent makes it clear that "communications directed to a debtor's attorney are not actionable under the [FDCPA]." Def.'s Mot. for Summ. J. ("MSJ"), ECF No. 9, at 6. In support, Defendant cites Guerrero v. RJM Acquisitions LLC, 499 F.3d 926 (9th Cir. 2007), which held "that communications directed only to a debtor's attorney, and unaccompanied by any threat to contact the debtor, are not actionable under the [FDCPA]," id. at 936 (footnote omitted). The Ninth Circuit explained that "[t]he Act's purposes are not served by applying its strictures to communications sent only to a debtor's attorney, particularly in the context of settlement negotiations." Id. at 938.

In response, Plaintiff argues that exempting communications sent only to a debtor's attorney would be against public policy. See Pl.s' Opp'n to MSJ, ECF No. 14, at 4. Regardless of whether Plaintiff is correct, this Court has no authority to overrule the Ninth Circuit and is bound by its precedent. Plaintiff's chastisement of Defendant for not recognizing the existence of a circuit split on the issue is equally off the mark. See id. at 5–6. Again, this Court is bound by Ninth Circuit precedent, whether or not its sister

circuits disagree with it.  Though perhaps "there are several jurisdictions which hold that communications with a consumer's attorney are subject to the FDCPA," id. at 5, this is not one of them.  Thus, to the extent Plaintiff's claims are premised on communications with her attorney, they fail as a matter of law under Guerrero.

After arguing that communications to a debtor's attorney should be actionable under the FDCPA, Plaintiff contends that her claims are "not based on communications between counsel," but that they are "based on the actions of Defendant relating to Plaintiff's garnishment."[2]  Id. at 9.  Plaintiff contends that "Defendant, in continuing to garnish Plaintiff's wage ten days after the settlement was paid, falsely represented the status of the debt to Plaintiff and her employer" in violation of 15 U.S.C. §§ 1692e(2)(A), 1692e(10), 1692f(1).  Id. at 10–11.  Plaintiff claims that "Defendant should have notified both the sheriff's office and Plaintiff's employer . . . that Plaintiff's debt had been satisfied."  Id.

Section 1692e(2)(A) prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt."  Section 1692e(10) similarly prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt."  Finally, § 1692f(1) prohibits "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt."  Plaintiff argues that Defendant violated each of these sections because Plaintiff's wages were garnished on April 29, even though Plaintiff paid off her debt in full on April 19 when she sent Defendant $3,000.

Plaintiff cites no authority in support of her arguments and they make little sense. Defendant notified the Sacramento Sheriff's Office to terminate the garnishment both on April 19 and on April 26.  Thus, it is not possible to construe Defendant's actions as attempting to collect more than it was owed or falsely representing the amount of any

---

[2] It is perplexing why, if Plaintiff's claims are not based on communications to her attorney, four and a half pages of her seven-page argument section are dedicated to rebutting Guerrero, or why Plaintiff would claim insufficient discovery has occurred because she has not obtained recordings of all the telephone conversations between her attorneys and Defendant.  See Pl.'s Opp'n to MSJ, at 11.

debt.  Indeed, the Sacramento Sheriff's Office confirmed that the April 29 garnishment

occurred because of its error, not Defendant's.  See Swander Decl., Ex. A, ECF No. 9-3,

at 1 (confirming in a letter that a check was disbursed to Defendant "in error" and that the

Sheriff's Office "had a Full Release effective 4/19/2016").  Indeed, Defendant returned all

funds in excess of the $3,000 settlement to Plaintiff.

Plaintiff makes much of Defendant not notifying her employer directly of the

settlement and that her wages should not be garnished.  See Pl.'s Opp'n to MSJ, at 2, 6,

9.  However, under California law, only the Sheriff's Office is capable of terminating the

garnishment, so any communication directly with Plaintiff's employer would be futile.

See Cal. Civ. Proc. Code §§ 706.022, 706.027 (requiring a notice of termination be

served on the employer "by the levying officer," i.e., the sheriff's office).

For these reasons, Defendant's MSJ is GRANTED.  The undisputed evidence

shows that Defendant did not violate the FDCPA by falsely representing the debt it was

owed or attempting to collect more than it was owed.

### B. Motion for Sanctions

Defendant contends that sanctions are warranted because a reasonable inquiry

would have discovered that communications between attorneys are not actionable under

binding Ninth Circuit precedent.  Def.'s Mot. for Sanctions, ECF No. 10, at 6–7.

Defendant also supports its motion by arguing that "a basic investigation into the . . .

relevant facts would have [shown] the claims here were clearly unwarranted."  Id. at 9.

This is because Defendant "requested the sheriff terminate the garnishment on April 19

and again on April 26, 2016, and the sheriff notified [Plaintiff]'s employer on April 27,

2016[,] that the garnishment should be terminated."  Id. at 8.  Moreover, in a pre-suit

letter, Defendant both identified the relevant Ninth Circuit case law and demonstrated

that it had notified the Sheriff's Office to terminate the garnishment prior to the April 29

garnishment.  Wong Decl., ECF No. 9-2, Ex. 12.

In response, Plaintiff conclusorily states that she filed her complaint "[a]fter

reasonable research and investigation in Plaintiff's claims against Defendant."  Pl.'s

Opp'n to Mot. for Sanctions, ECF No. 13, at 5.  Similar to her opposition to the MSJ,

Plaintiff denies that her "claims are based on se communications between counsel," but

instead "on the fact that Defendant garnished Plaintiff's wages ten days after Plaintiff's

settlement was paid."[3]  Id. at 6.

 The Court finds Plaintiffs claims frivolous; they are both baseless and were made

without a reasonable and competent inquiry.  First, to the extent Plaintiffs claims are

based on communications between Defendant and Plaintiff's counsel,[4] they are barred

by clear Ninth Circuit precedent that was provided to them by Defendant before Plaintiff

filed their suit.  In response, Plaintiff frivolously argues that this Court overturn the Ninth

Circuit.  A reasonable and competent inquiry would discover that this Court does not

have that power.

 Second, to the extent Plaintiff's claims are based on the timing of the second

garnishment, they are also frivolous.  Aside from the text of the statutes themselves,

Plaintiff provides no authority supporting its claims that the April 29 garnishment

constitutes a false representation of Plaintiff's debt.  Plaintiff also does not explain the

basis for her claim that Defendant was obligated to notify her employer when the

Sheriff's Office was the only entity capable of terminating the garnishment.  Instead, she

relies only on her claim that "Defendant's representative was told that the garnishment

release letter would need to be sent to Plaintiff's employer in order for future

garnishments to cease."  Pl.'s Opp'n to MSJ, at 2.  Regardless of whether Plaintiff told

Defendant that her employer needed to be notified, Plaintiff does not show that the

statement is accurate.  Indeed, Defendant notified Plaintiff that only the Sheriff's Office

---

[3] Once again, Plaintiff spends a surprising amount of time in her brief on a topic that she claims is beside the point.  About half of Plaintiff's four-page argument section is dedicated to complaining that Defendant has not produced recordings of phone calls between Defendant and Plaintiff's counsel.  See Pl.'s Opp'n to Mot. for Sanctions, at 6–8.  Defendant claims that the requested recordings were produced, Reply, ECF No. 17, at 3–4, but regardless, Plaintiff provides no reason why tapes of conversations between counsel are relevant if her claims are not based on communications between counsel.

[4] The Court acknowledges Plaintiff's disavowal of her claims being based on such communications.  But given the effort with which she argues that Guerrero was wrongly decided and her insistence that Defendant "is purposely obstructing discovery" by not turning over recordings of such communications, Pl.'s Opp'n to Mot. for Sanctions, at 8, the Court feels compelled to address the issue.

9

could terminate the garnishment.  Thus, a reasonable competent inquiry would have also revealed that claims based solely on the second garnishment were meritless. Defendant explained to Plaintiff that the Sheriff's Office was told to terminate the garnishment on April 19 and 26, and Plaintiff has yet to provide any basis for its claim that the employer needed to be told directly.

Finally, Plaintiff claims that Defendant "caused Plaintiff damages" without explanation.  Pl.'s Opp'n to Mot. for Sanctions, at 6.  She makes this claim despite admitting that all garnishments were returned to her.  Furthermore, Plaintiff appears to have purposely overpaid her debt.  Four days after Defendant and Plaintiff's counsel agreed to modify the settlement to take into account the first garnishment, Plaintiff sent Defendant a check for the full $3,000.

For these reasons, the Court finds Plaintiff's claims both baseless and could only have been made absent a reasonable competent inquiry.  Thus, Defendant's Motion for Sanctions is GRANTED and Plaintiff's counsel must pay Defendant's attorney's fees as sanctions.  See Fed. R. Civ. P. 11(c)(2) ("[T]he court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred . . . .").

///

///

///

///

///

///

///

///

///

///

///

///

**CONCLUSION**

For the reasons provided above, Defendant's Motion for Summary Judgment, ECF No. 9, and Motion for Sanctions, ECF No. 10, are both GRANTED.  Plaintiff's counsel is ordered to pay Defendant's attorney's fees associated with defending this frivolous suit in the amount of $29,507.[5]

IT IS SO ORDERED.

Dated:  June 16, 2017

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[5] Defendant's counsel avers the following hours billed in relation to this suit:  Tomio B. Narita (partner): 3.4 hours at $425 per hour and 1.6 hours at $435 per hour; R. Travis Campbell (partner): 37.7 hours at $330 per hour and 24 hours at $350 per hour; Jennifer L. Yazdi (associate): 5.4 hours at $245 per hour and 14.8 hours at $265 per hour; and Rosana Klingerman (paralegal): 8 hours at $160 per hour.  See Decl. of R. Travis Campbell, ECF No 10-1, ¶ 5; Decl. of R. Travis Campbell, ECF No. 16-1, ¶ 8. This totals $29,507.  The Court notes that Defendant's counsel states the total is $29,635.61, but they do not account for the $128.61 difference between that amount and the total reached by applying their hourly rates to hours billed.