Stuart M. Price (SBN 150439)
PRICE LAW GROUP, APC
15760 Ventura Boulevard, Suite 800
Encino, California 91436
T: 818.205.2466
E: stuart@pricelawgroup.com
Attorneys for Plaintiff Shepard-Hall

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY SHEPARD-HALL<br><br>Plaintiff,<br><br>v.<br><br>GORDON AND WONG LAW GROUP PC, et al.,<br><br>Defendants. | Case No.: 2:16-cv-01361-MCE-GGH<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS**<br><br>Date:   August 10, 2017<br>Time:  2:00 p.m.<br>Ctrm:  7, 14th Floor<br><br>The Honorable Morrison C. England, Jr. |

Plaintiff Judy Shepard-Hall ("Plaintiff"), by counsel, respectfully submits this Opposition to Defendant's Motion for Sanctions ECF No. 24.

**Plaintiff's Motion for Reconsideration is based on a manifest showing of failure to consider material facts presented to the Court.**

Defendant largely ignores the substance of Plaintiff's Motion for Reconsideration, claiming Plaintiff supplies no grounds for reconsideration.

Plaintiff's Motion identifies several grounds that do not appear to have been considered during the motion for sanctions.

1

1

2

3        1.      Plaintiff's Complaint is not limited to mere communications between

attorneys.

4

5        Defendant mistakenly contends Plaintiff is "rehashing" an earlier argument.  This

is a non-starter.  Plaintiff contends in her Motion that the Court's Order at ECF Doc. 19

6

7  does not appear to consider allegations made by Plaintiff and asserts Plaintiff's claims

were related to mere "communication with her attorneys. *Id.* at P.7 L. 3-4.  Defendant

8

9  acknowledges in response, Plaintiff is, "**bound by the allegations and claims pled in her**

**Complaint**."  Response, ECF 23 at p. 5, n. 8.  **Plaintiff <u>agrees</u>**.

10

11       Plaintiff's Complaint alleges Defendant employed unfair and unconscionable

12 attempts to collect a debt in violation of 15 U.S.C. § 1692f(1), including failing to cease

13 wage garnishments spanning two pay periods—subsequent to a settlement agreement that

14

15 included the cessation of wage garnishments.  ECF No. 1, Complaint at ¶¶ 22-29.  These

were not mere communications between attorneys—but affirmative conduct by

16

17 Defendant.

18       Defendant only supplies evidence of a **single** fax communication which **purports**

19

20 to be to the Sheriff dated April 26, 2016 (1 week after it received payment in full by

21 Plaintiff) Doc. 9-2 Ex. 10.  However, the Court at Doc. 19 states that Defendant notified

22

23 the Sacramento Sherriff's Office to terminate the garnishment both on April 19 and on

April 26. *Id.* at P. 7 L. 23-24.

24

25 //

26 //

27

28

PLAINTIFF'S OPPOSITION TO
DEFENDANTS MOTION FOR SANCTIONS

Prior to filing an appeal, the most expedient vehicle for pointing out an absence of consideration of material facts **is** a motion for reconsideration.[1]

Defendant also contends that faxing a release to Plaintiff's employer would have been inconsequential.  Defendant did not advance this argument during its Motion, and the record belies this contention (Defendant's agent requested this fax number to notify Plaintiff's employer to cease the garnishment).

**Defendant intentionally suppressed evidence used in support of its defense, including evidence Plaintiff requested during discovery.**

Defendant's denial of its abusive discovery tactics strains credulity.  The record speaks for itself.  Plaintiff will not repeat what has already been detailed in Plaintiff's motion for reconsideration at Doc. 21 and her reply at Doc. 23.  Defendant asserted frivolous, kitchen-sink objections, and withheld documents disclosed for the very first time during the motion for summary judgment and sanctions.  Plaintiff did not file a motion to compel—this is not a basis for Defendant to use evidence withheld during discovery in support of its defense or a motion for sanctions.  The only documents disclosed during litigation was attached to a September 1, 2016 letter. Doc. 9-3 Ex. A. However, a close look at this June 3, 2016 letter from the Sheriff does not indicate **when** Defendant notified the Sheriff to terminate the garnishment.  Defendant had an affirmative obligation to disclose the other evidence it had within its possession that would have allowed Plaintiff to discover when the notice to the Sheriff was actually made.

---

[1]     Plaintiff apologizes to the extent she did not adequately present this to the Court or she otherwise contributed to the omission of other facets of her FDCPA claim.

PLAINTIFF'S OPPOSITION TO
DEFENDANTS MOTION FOR SANCTIONS

To date, that information in unknown. Defendant's conduct is a **perverse** application of the Federal Rules of Civil Procedure and litigants' disclosure obligations.  As shown by its latest motion for sanctions (which is itself sanctionable), Defendant's conduct was specifically intended to unfairly prejudice Plaintiff and intended to create the appearance of wrongdoing by Plaintiff in an effort for Defendant to seek sanctions from the Court. Defendant's refusal to permit discovery and failure to timely disclose documents in support of its defense is at its peril—this Court should not incentivize abusive, underhanded tactics through an award of sanctions.

**Defendant did not produce <u>any</u> of the requested documents until its contemporaneous motions for summary judgment and sanctions, including:**

1.      Defendant's purported Termination Request to the Sacramento County Sheriff's Department on April 19, 2016.  ECF No. 9-3, ¶ 3.

2.      A fax sent by the Sacramento County Sheriff's Department to Defendant on April 20, 2016.  ECF No. 9-3, ¶ 4. (this purported fax by the Sheriff was not produced and is not reflected in Defendant's notes *See* ECF 9-2 Ex. 1 4/20/2016 entries).

ECF No. 14-2, Ex. A.

Even worse, Defendant failed to disclose these documents as required by Rule 26, when a party plans to use documents to support its defenses (which Defendants have done here). *See* Fed. R. Civ. P. 26(a)(1)(A)(ii) (Party must disclose a copy—or a description by category and location—of all documents, electronically stored information, and tangible

PLAINTIFF'S OPPOSITION TO
DEFENDANTS MOTION FOR SANCTIONS

things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment).

Defendant produced these documents for the very first time in support of contemporaneous motions for summary judgment and sanctions even though Defendant possessed these documents prior to this lawsuit.

Defendant claims it attached the April 15, 2016 recording.   This is false. Defendant produced these for the **very first time** as exhibits to the contemporaneous motion for summary judgment and sanctions. ECF No. 9-1, ¶ 4, ECF No. 13-2, ¶ 6 (Decl. of Florence Lirato), ECF NO. 9-2, Ex. 3 (April 8, 2016 audio recording of first call).

During the second call, the parties continued the discussion to cease the garnishment by the April 15, 2016 paycheck.  In fact, Defendant requests the fax number to the Plaintiff's employer (which begs the question why).  ECF No. 9-2, Ex. 4 (April 8, 2016 audio recording of second call).

Plaintiff supplied her employer's fax number to Defendant on April 11, 2016 and confirmed the parties understanding that Defendant would not garnish Plaintiff's April 15, 2016 paycheck.  ECF No. 13-2, ¶ 9. **Notably, Defendant fails to attach the April 15, 2016 recording to its motions, and refused to produce this recording during discovery despite a specific request for production of this and all other call recordings**. Doc. 14-2, Ex. A, RFP No. 6 (requesting all call recordings by date).

To no surprise, Defendant now insists Plaintiff purposely overpaid her debt to manufacture an FDCPA claim.  Plaintiff flatly denies this, and relies upon the content of her principal brief.

**Plaintiff has brought forth legitimate arguments and "articulated intelligible theories in the portions of the motion" for reconsideration**

In *Flo & Eddie, Inc., v. Sirius XM Radio, Inc.,* the defendant Sirius submitted a motion for reconsideration. The plaintiff, Flo & Eddie, subsequently brought forth a motion for sanction for what plaintiff describes "as a reckless and bad faith motion based on frivolous arguments*." Flo & Eddie, Inc. v. Sirius XM Radio, Inc.,* 2015 WL 9690320, at *1 (C.D.Cal., 2015). The court refers to 28 U.S.C. § 1927 and states that the "Ninth Circuit has clarified that a finding of 'recklessness' is sufficient to justify the impositions of sanctions under § 1927." *Id.* at *2. "A party acts in bad faith when it 'knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Id.* at *2. The court subsequently ruled that the defendant had not acted recklessly and instead had "legitimate objectives in bringing this motion for reconsideration and articulated intelligible theories" and was not acting in a reckless or harassing manner. *Id.* at *4.

This honorable Court should not accept Defendant's claim that Plaintiff's counsel is unnecessarily trying to multiple these proceedings; such conduct would be to Plaintiff's own detriment.  Plaintiff's counsel has asserted legitimate objectives in their motion for reconsideration.

Plaintiff's purpose is not to rehash any previous arguments but instead to clear any ambiguities that the Court may have been faced with or point out facts that this honorable Court has clearly misconstrued. Doc. 19 at P. 10 L. 8-9 "...Plaintiff appears to have purposely overpaid her debt."

**The Plaintiff has presented a manifest showing of a failure to consider material facts presented to the Court before such decision**

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or **(c) a manifest showing of a failure to consider material facts presented to the Court before such decision.** (emphasis added)

*Id.* at *1.

In Plaintiff's motion for reconsideration, Plaintiff highlighted several material facts that were not considered by this honorable Court. The Court has the inherent power to sanction any conduct they deem "tantamount to bad faith" and Plaintiff urges this Court to truly consider the motives in filing a motion for reconsideration. *Id.* at *4.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court deny Defendant's motion for sanctions.

Respectfully Submitted this 26th day of July, 2017.

PRICE LAW GROUP, APC

*/s/ Stuart Price*
Stuart M. Price (SBN 150439)
15760 Ventura Boulevard, Suite 800
Encino, California 91436
T: 818.205.2466
E: stuart@pricelawgroup.com
Attorneys for Plaintiff Shepard-Hall

PLAINTIFF'S OPPOSITION TO
DEFENDANTS MOTION FOR SANCTIONS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 26, 2017, I electronically filed the foregoing with the

Clerk of the Court using the ECF system, which will send notice of such filing to all

attorneys of record in this matter. Since none of the attorneys of record are non-ECF

participants, hard copies of the foregoing have not been provided via personal delivery or

by postal mail.


/s/ Florence Lirato

PLAINTIFF'S OPPOSITION TO
DEFENDANTS MOTION FOR SANCTIONS