1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11  JUDY SHEPARD-HALL,                          No.  2:16-cv-01361-MCE-GGH

12              Plaintiff,

13       v.                                     **MEMORANDUM AND ORDER**

14  GORDON AND WONG LAW GROUP
    PC and DOES 1 to 10,
15
16              Defendant.

17          In this suit, Plaintiff Judy Shepard-Hall alleged Defendant Gordon & Wong Law

18  Group, P.C. violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

19  §§ 1692–1692p, while collecting a state court judgment Defendant had been retained by

20  a third party to enforce.  On June 20, 2017, the Court granted Defendant's motion for

21  summary judgment, ECF No. 19, and judgment was entered in favor of Defendant the

22  same day, ECF No. 20.  The Court also granted Defendant's motion for sanctions under

23  Federal Rule of Civil Procedure 11, due to the frivolous nature of Plaintiff's suit.  Before

24  the Court now are Plaintiff's Amended[1] Motion for Reconsideration of the imposition of

25  sanctions, ECF No. 22, and a second Motion for Sanctions filed by Defendant in

26  response, ECF No. 24.  For the reasons below, the Amended Motion for

27  ─────────────────────
            [1] Plaintiff filed a Motion for Reconsideration, ECF No. 21, and then a superseding Amended
    Motion for Reconsideration, ECF No. 22, later the same day.
28

1  Reconsideration is DENIED and the Motion for Sanctions is GRANTED IN PART,

2  imposing sanctions in the amount of $500.[2]

3

4                                    **BACKGROUND**

5

6        Non-party Asset Acceptance, LLC, retained Defendant Gordon & Wong to enforce

7  a state court judgment entered against Plaintiff Shepard-Hall for the balance of a Dell

8  Financial Services account.  Stmt. Undisputed Facts ("SUF"), ECF No. 9-1, ¶ 1.  On

9  February 23, 2016, Defendant filed a writ of execution to garnish Plaintiff's wages, which

10  was served on Plaintiff's employer by the Sacramento County Sheriff's Office.  Id. ¶ 2.

11  On April 8, 2016, the parties agreed by phone to settle the debt for a single payment of

12  $3,000.  Id. ¶ 4.  Plaintiff was represented by the Price Law Group, APC, ("PLG") during

13  these negotiations.  See id. ¶¶ 3–4.

14        On April 15, 2016, Defendant faxed a letter to PLG reflecting the settlement

15  terms.  Id. ¶ 7.  PLG then called Defendant, informing Defendant that Plaintiff's wages

16  had been garnished by $834.09 that morning, and the parties agreed to reduce the

17  $3,000 settlement by the amount garnished.  Id. ¶ 8.  Four days later, Defendant sent a

18  new settlement letter to PLG, reflecting the new terms, and also faxed a notice to the

19  Sacramento County Sheriff's Office to terminate the garnishment effective immediately.

20  Id. ¶¶ 9–10.  On that same day—that is, four days after the new agreement was

21  reached—Plaintiff sent Defendant a signed copy of the original settlement agreement

22  and the full $3,000, not deducting the amount garnished as specified in the new

23  agreement.

24        On April 29, 2016, as a result of an error by the Sheriff's Office, Plaintiff's wages

25  were garnished again, even though the Sheriff's Office had been notified of the

26  garnishment's termination.  Id. ¶ 14.  Because the garnishments resulted in

27  _____

        [2] Because oral argument would not have been of material assistance, the Court ordered this
28  matter submitted on the briefs.  See E.D. Cal. Local R. 230(g).

1    overpayment, Defendant voided the check it had received from the first garnishment,

2    and instructed the Sheriff's Office to return the second garnishment to Plaintiff, which it

3    did. Id. ¶ 16.

4         On May 5, 2016, Defendant received a letter from PLG demanding $4,000 in

5    order to avoid suit under the FDCPA.  Id. ¶ 14.  Defendant refused to pay the $4,000,

6    and this suit followed about a month later.  Compl., ECF No. 2.

7

8                                **STANDARD**

9

10        **A.    Motion for Reconsideration**

11        A motion for reconsideration is properly brought pursuant to either Federal Rule of

12   Civil Procedure 59(e) or Rule 60(b).  Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989).

13   A motion for reconsideration is treated as a Rule 59(e) motion if filed within twenty-eight

14   days of entry of judgment, but as a Rule 60(b) motion if filed more than twenty-eight

15   days after judgment.  See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.,

16   248 F.3d 892, 898–99 (9th Cir. 2001).  Plaintiffs here bring a timely Rule 59(e) motion.

17        A court should be loath to revisit its own decisions unless extraordinary

18   circumstances show that its prior decision was clearly erroneous or would work a

19   manifest injustice.  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817

20   (1988).  This principle is embodied in the law of the case doctrine, under which "a court

21   is generally precluded from reconsidering an issue that has already been decided by the

22   same court, or a higher court in the identical case."  United States v. Alexander,

23   106 F.3d 874, 876 (9th Cir. 1997) (quoting Thomas v. Bible, 983 F.2d 152, 154 (9th Cir.

24   1993)).  Nonetheless, in certain limited circumstances, a court has discretion to

25   reconsider its prior decisions.

26        While Rule 59(e) permits a district court to reconsider and amend a previous

27   order, "the rule offers an 'extraordinary remedy, to be used sparingly in the interests of

28   finality and conservation of judicial resources.'"  Kona Enters., Inc. v. Estate of Bishop,

                                         3

1    229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James William Moore, et al., Moore's

2    Federal Practice § 59.30[4] (3d ed. 2000)).  Indeed, a district court should not grant a

3    motion for reconsideration "absent highly unusual circumstances, unless the district court

4    is presented with newly discovered evidence, committed clear error, or if there is an

5    intervening change in the controlling law."  389 Orange St. Partners v. Arnold, 179 F.3d

6    656, 665 (9th Cir. 1999) (citing Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263

7    (9th Cir. 1993)).  Mere dissatisfaction with the court's order, or belief that the court is

8    wrong in its decision, is not grounds for relief under Rule 59(e).  Twentieth Century-

9    Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

10         Additionally, Local Rule 230(j) requires a party filing a motion for reconsideration

11   to show the "new or different facts or circumstances claimed to exist which did not exist

12   or were not shown upon such prior motion, or what other grounds exist for the motion."

13   Finally, motions for relief from judgment pursuant to Rule 59(e) are addressed to the

14   sound discretion of the district court.  Turner v. Burlington N. Santa Fe R.R., 338 F.3d

15   1058, 1063 (9th Cir. 2003).

16         In order to succeed, a party making a motion for reconsideration pursuant to

17   Rule 59(e) must "set forth facts or law of a strongly convincing nature to induce the court

18   to reverse its prior decision."  Pritchen v. McEwen, No. 1:10-cv-02008-JLT HC, 2011 WL

19   2115647, at *1 (E.D. Cal. May 27, 2011) (citing Kern-Tulare Water Dist. v. City of

20   Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on

21   other grounds, 828 F.2d 514 (9th Cir. 1987)).  A motion for reconsideration should not be

22   used to raise arguments or present evidence for the first time when the arguments or

23   evidence could reasonably have been raised earlier in the litigation.  389 Orange St.

24   Partners, 179 F.3d at 665.

25         Furthermore, "courts avoid considering Rule 59(e) motions where the grounds for

26   amendment are restricted to either repetitive contentions of matters which were before

27   the court on its prior consideration or contentions which might have been raised prior to

28   the challenged judgment."  Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal.

4

1  1991); see also Taylor, 871 F.2d at 805.  This position stems from the district courts'

2  "concerns for preserving dwindling resources and promoting judicial efficiency."

3  Costello, 765 F. Supp. at 1009.  Rule 59(e) and motions for reconsideration are

4  therefore not intended to "give an unhappy litigant one additional chance to sway the

5  judge."  Frito-Lay of P.R., Inc. v. Canas, 92 F.R.D. 384, 390 (D.P.R. 1981) (quoting

6  Durkin v. Taylor, 444 F. Supp. 226, 233 (N.D. Ohio 1967)).

7  **B.   Sanctions**

8  Section 1927 of Title 28 of the U.S. Code prescribes:

9
10  > Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.
11
12

13  To impose sanctions under § 1927, a court must find that counsel acted either recklessly

14  or in bad faith to multiply the proceedings.  B.K.B. v. Maui Police Dep't, 276 F.3d 1091,

15  1107 (9th Cir. 2002); see also Fink v. Gomez, 239 F.3d 989, 993 (9th Cir. 2001)

16  ("[R]ecklessness suffices for § 1927 . . . .").

17  Additionally, "[c]ourts of justice are universally acknowledged to be vested, by

18  their very creation, with power to impose silence, respect, and decorum, in their

19  presence, and submission to their lawful mandates."  B.K.B., 276 F.3d at 1107–08

20  (alteration in original) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)).

21  Under this inherent judicial power, "sanctions are available if the court specifically finds

22  bad faith or conduct tantamount to bad faith . . . for a variety of types of willful actions"

23  when a party acts for an improper purpose.  Fink, 239 F.3d at 994.

24  ///

25  ///

26  ///

27  ///

28  ///

5

1

**ANALYSIS**

2

3       **A.      Motion for Reconsideration**

4            The premise of Plaintiff's suit was an allegation that Defendant promised to

5    communicate directly with Plaintiff's employer to terminate the garnishment of her

6    wages.  See Mem. & Order, at 7 ("Plaintiff claims that 'Defendant should have notified

7    both the sheriff's office and Plaintiff's employer . . . that Plaintiff's debt had been

8    satisfied.'" (ellipsis in original)).  However, "Plaintiff . . . d[id] not explain the basis for her

9    claim that Defendant was obligated to notify her employer when the Sheriff's Office was

10   the only entity capable of terminating the garnishment."  Id. at 9.  Accordingly, the Court

11   granted Defendant's motion for summary judgment.  Id. at 8.  The Court also "fe[lt]

12   compelled to address" Plaintiff's arguments that the Court should ignore binding Ninth

13   Circuit precedent—specifically, Guerrero v. RJM Acquisitions LLC, 499 F.3d 926

14   (9th Cir. 2007), which held "communications directed solely to a debtor's attorney are not

15   actionable under the [FDCPA]," id. at 934—due to the amount of briefing Plaintiff spent

16   on them.  Mem. & Order, at 9 n.4.

17           The Court then granted Defendant's motion for sanctions because (1) Plaintiff

18   only "conclusorily state[d] that she filed her complaint '[a]fter reasonable research and

19   investigation in[to] Plaintiff's claims against Defendant,'" id. at 8 (second alteration in

20   original), (2) "Defendant notified Plaintiff that only the Sheriff's Office could terminate the

21   garnishment," id. at 9–10, and (3) "Plaintiff claim[ed] that Defendant 'caused Plaintiff

22   damages' without explanation . . . despite admitting that all garnishments were returned

23   to her," id. at 10 (citation omitted).

24           Plaintiff now moves for reconsideration of the imposition of sanctions, claiming

25   that "Defendant's only contention in support of sanctions is that Plaintiff's FDCPA claim

26   is unwarranted by existing law because communications between attorneys are not

27   actionable under the FDCPA," i.e., that Guerrero barred Plaintiff's suit.  Am. Mot. for

28   Recons., at 4.  As explained above, that is not true.

1      Plaintiff also claims that "the Court considered evidence Defendant purposefully

2 suppressed." <u>Id.</u> at 14.  Plaintiff identifies a termination of garnishment request sent to

3 the Sheriff's Office; a fax sent to Defendant by the Sheriff's Office on April 20, 2016; and

4 a letter from the Sheriff's Office to Defendant dated June 3, 2016. <u>Id.</u> at 9.  However,

5 Defendant provided the relevant facts those documents evince on May 19, 2016, <u>see</u>

6 Decl. of Mitchell L. Wong, ECF No. 9-2, Ex. 12, which is almost a full month before

7 Plaintiff filed suit.  Furthermore, the relevant information in those documents is related to

8 when Defendant notified the Sheriff's Office that the garnishment of Plaintiff's wages

9 should cease.  Regardless of whether those documents were "suppressed" by

10 Defendant, Plaintiff's counsel provides no evidence that he conducted any research into

11 whether and when the Sheriff's Office was told to terminate the garnishment.  That is,

12 Plaintiff's argument on reconsideration does not undercut the Court's prior statement

13 that Plaintiff only "conclusorily state[d] that she filed her complaint '[a]fter reasonable

14 research and investigation in[to] Plaintiff's claims against Defendant.'"  Mem.& Order, at

15 8 (second alteration in original).

16      In sum, Plaintiff's counsel does not address the bases for sanctions outlined in the

17 Memorandum and Order imposing them, and accordingly has not shown that the

18 imposition of sanctions was clearly erroneous.  Accordingly, Plaintiff's Amended Motion

19 for Reconsideration is DENIED.

20      **B.**    **Sanctions**

21      Defendant moves for additional sanctions under 28 U.S.C. § 1927 and the Court's

22 inherent authority.  Defendant claims sanctions are warranted because Plaintiff's motion

23 for reconsideration "simply reiterates the same arguments that the Court already

24 rejected," and because the motion "contains numerous false statements."  Def.'s Mot. for

25 Sanctions, at 1.  Specifically, Defendant contends that the following statements made by

26 Plaintiff in her motion are false:  (1) that Defendant's only argument in support of its prior

27 motion for sanctions was that Plaintiff's claims were barred by <u>Guerrero</u>; (2) that the

28 letter from the Sheriff's Office to Defendant dated June 3, 2016, was not produced

1    before Defendant filed its prior motion for sanctions; and (3) that the recording of an

2    April 15, 2016, call was not attached to the Defendant's motion for summary judgment.

3    Id.

4           The Court finds that Plaintiff's motion for reconsideration is recklessly frivolous, so

5    as to warrant sanctions under the Court's inherent authority.  See Fink, 239 F.3d at 994

6    ("Sanctions are available for a variety of types of willful actions, including recklessness

7    when combined with an additional factor such as frivolousness . . . .").  Plaintiff's counsel

8    misstates the record when he claims sanctions were imposed solely because Plaintiff's

9    claims were barred by Guerrero.  Indeed, even Defendant's motion for summary

10   judgment was not granted solely on that basis; the Court only noted that Plaintiff's claims

11   "fail[ed] as a matter of law under Guerrero" merely "to the extent Plaintiff's claims are

12   premised on communications with her attorney."  Mem. & Order, at 7.  On that same

13   page, the Court acknowledged that "Plaintiff contends that her claims are 'not based on

14   communications between counsel,'" and then addressed Plaintiff's other arguments.  Id.

15   Accordingly, sanctions were imposed not because of Guerrero, but on the bases

16   outlined above.

17          Plaintiff's counsel does not contest that he misrepresented that the letter from the

18   Sheriff's Office to Defendant dated June 3, 2016, was not produced before Defendant

19   filed its prior motion for sanctions.  Plaintiff's counsel does not admit the

20   misrepresentation either.  Instead, in his opposition to the motion for sanctions, he now

21   simply omits the letter from a paragraph listing documents Plaintiff's counsel complains

22   were not produced.  See Pl.'s Opp'n to Def.'s Mot. for Sanctions, ECF No. 29, at 4.

23   Aside from the omission of the letter, the paragraph is identical to a paragraph in the

24   motion for reconsideration, which includes it.  See Am. Mot. for Recons., at 9.  Plaintiff's

25   counsel also sub silentio admits that the April 15, 2016, call recording was produced

26   along with the Defendant's motion for summary judgment by shifting his complaint to

27   Defendant providing the recording "for the very first time as exhibits to the . . . motion for

28   summary judgment."  Pl.'s Opp'n to Def.'s Mot. for Sanctions, at 5 (emphasis removed).

1    He then oddly backtracks two paragraphs later, stating "Defendant fails to attach the

2    April 15, 2016 recording to its motions."  Id. (emphasis removed).

3        All of these misstatements are at least reckless.  Furthermore, Plaintiff's reliance

4    on these misstatements renders Plaintiff's motion for reconsideration frivolous, providing

5    the "additional factor" required for the Court to impose sanction under its inherent

6    authority when a party acts recklessly.  Fink, 239 F.3d at 994.  The Court, in its

7    discretion, imposes a sanction of $500.

8        Defendant requests, however, $11,555.50 in sanctions, as the attorney's fees

9    incurred by Plaintiff's frivolous motion.  Def.'s Reply, ECF No. 30, at 5.  While § 1927

10   gives this court the power to impose sanctions to "satisfy . . . the costs, expenses, and

11   attorneys' fees reasonably incurred because" an "attorney . . . multiplies the proceedings

12   in [a] case unreasonably and vexatiously," 28 U.S.C. § 1927, the Court declines to do

13   so.  See Fink, 239 F.3d at 994 ("It is well settled . . . that the district court may, in its

14   informed discretion, rely on inherent power rather than . . . § 1927.").  Instead, especially

15   given the earlier imposition of sanctions under Rule 11, the Court finds $500 in sanctions

16   sufficient to deter Plaintiff's counsel's conduct, making an award under § 1927

17   redundant.  See ADO Fin., AG v. McDonnell Douglas Corp., 938 F. Supp. 590, 595

18   (C.D. Cal. 1996) ("The purpose of an attorney's fee award is to deter undesirable

19   conduct.").  Thus, Defendant's Motion for Sanctions is GRANTED IN PART, imposing

20   sanctions in the amount of $500.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

9

1

2

**CONCLUSION**

3      For the reasons provided above, Plaintiff's Amended Motion for Reconsideration,

4   ECF No. 22, is DENIED, and Defendant's Motion for Sanctions, ECF No. 24, is

5   GRANTED IN PART.  Plaintiff's counsel is sanctioned in the amount of $500.

6      IT IS SO ORDERED.

7   Dated:  September 12, 2017

8

9                                              MORRISON C. ENGLAND, JR.
                                               UNITED STATES DISTRICT JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28